**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS RAY NEWSOME, JR.,

    Applicant,

vs.	Civil No. 08-1180 MCA/RHS

T.B. HATCH, et al.,

    Respondents.

**MAGISTRATE JUDGE'S RECOMMENDATION THAT PETITIONER'S MOTION FOR INJUNCTION BE DENIED**

THIS MATTER comes before the Court on Petitioner's "Declaration concerning Legal Mail Postage and Motion for Injunction" ("Motion for Injunction"), filed January 26, 2009 **[Doc. No. 7]**. Respondents have not responded to Petitioner's motion. Petitioner is proceeding *pro se* and *in forma pauperis*. Having considered Plaintiff's motion and the relevant authorities, the Court finds that the motion does not have merit and recommends that it be denied.

Petitioner contends that Respondent "issued a memorandum to all NENMDF prisoners . . . . stat[ing] that postage for legal mail would no longer be paid by NENMDF." (Motion for Injunction at 3 ¶ 7 (citing Ex. A, attached)). Petitioner argues that "Respondent's actions deprive Petitioner of the ability to effectively pursue his pending habeas corpus case on a timely basis in violation of his right to 'meaningful' access to the courts, causing him actual injury." (Motion for Injunction at 5 ¶ 15 (citations omitted)). Petitioner seeks an order "enjoining

Respondent from enforcing his policy of refusing to pay postage costs for all legal mail in the above-entitled case." (Motion for Injunction at 1).

Inmates have a constitutional right of access to the courts, and Petitioner correctly points out that "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." Bounds v. Smith, 430 U.S. 817, 824-25 (1977). However, Petitioner's apparent claim that he is being denied access to the courts must fail for at least two reasons.

First, Petitioner does not show that he has suffered an actual injury or prejudice as a result of the alleged denial of access. See Lewis v. Casey, 518 U.S. 343, 349 (1996) (explaining that an inmate "must first establish an actual injury"). Petitioner's conclusory allegations that he has suffered actual injury do not meet this requirement. See Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006). Second, the evidence submitted by Petitioner does not support his allegation that Respondent is refusing to provide postage for legal mail to indigent inmates. The memorandum indicates that each inmate is authorized "postage for two first class letters per week." (Memorandum, attached to Motion for Injunction). Moreover, the memorandum expressly provides that an indigent inmate who has exhausted his allowance of postage may "request financial assistance . . . [by] submit[ting] a written request to the Associate Warden of Programs for review and consideration." (Id.).

*Conclusion*

For all of the reasons set forth above, the Court finds that Petitioner's Motion for Injunction **[Doc. No. 7]** is not well-taken and recommends that it be denied. Pursuant to 28 U.S.C. § 636(b)(1), any party may serve and file written objections within ten (10) days after being served with a copy of these proposed findings and recommendations. A party must file

any objections within ten (10) days if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE