IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS RAY NEWSOME, JR.,

    Applicant,

vs.                                                      Civil No. 08-1180 MCA/RHS

T.B. HATCH, et al.,

    Respondents.

**MAGISTRATE JUDGE'S RECOMMENDATION THAT PETITIONER'S MOTION FOR DEFAULT AND MOTION FOR INJUNCTION BE DENIED**

      THIS MATTER comes before the Court on Petitioner's Motion for Default Judgment or, Alternatively, Injunction ("Motion for Default"), filed August 3, 2010 **[Doc. 17]** and Petitioner's Notice of Retaliation for Filing Document 17; Motion for Injunction ("Motion for Injunction"), filed September 1, 2010 **[Doc. 19]**.  Respondents have not responded to Petitioner's motions.  Petitioner is proceeding *pro se* and *in forma pauperis*.  Having considered Plaintiff's motions, the relevant authorities, and being otherwise advised, the Court recommends that the motions be denied without prejudice.

      In his Motion for Default, Petitioner contends that Respondent's "successors and agents" have interfered with his access to the courts by confiscating various legal materials from him.  In his Motion for Injunction, Petitioner claims that Respondent's "successors and agents" retaliated against him for filing the Motion for Default by opening, reading and scattering his legal materials during a search of his cell, and engaging in a threatening and obscenity-laden "screaming tirade" over his cell intercom.  (See Motion for Injunction at 6).

*Discussion*

Inmates have a constitutional right of access to the courts. See <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996) (citing <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 828 (1977)). In addition, inmates may not be subjected "to retaliation or harassment for the pursuit of their legal claims." <u>Ladd v. Davies</u>, 817 F.Supp. 81, 82 (D.Kan. 1993) (citing <u>Smith v. Maschner</u>, 899 F.2d 940, 947 (10th Cir. 1990)); <u>see also</u> <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1264 (10th Cir. 2006). However, the claims raised in Petitioner's motions challenge the conditions of his confinement, rather than the fact or duration of his confinement. See <u>McIntosh v. Unites States Parole Commission</u>, 115 F.3d 809, 811-12 (10th Cir. 1997) (explaining that a habeas corpus petition attacks the fact or duration of a prisoner's confinement, while a civil rights action attacks the conditions of the prisoner's confinement). Thus, Petitioner's allegations of civil rights violations are not properly raised in a habeas corpus proceeding, and should be asserted in a civil rights complaint.

*Conclusion and Recommendation*

For the reasons set forth above, the Court recommends that Petitioner's Motion for Default **[Doc. 17]** and Petitioner's Motion for Injunction **[Doc. 19]** be **denied** without prejudice to Petitioner's right to file a civil rights complaint based on the claims raised therein. Pursuant to 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served with a copy of these proposed findings and recommendations. A party must file any objections within fourteen (14) days if that party wants to have appellate review of

the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE