IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS RAY NEWSOME, JR.,

    Applicant,

vs.                                                Civil No. 08-1180 MCA/RHS

T.B. HATCH, et al.,

    Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court on consideration of Petitioner Thomas Ray Newsome, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed December 22, 2008 **[Doc. 1]**.  Mr. Newsome is confined pursuant to the Judgment, Sentence and Commitment, filed in New Mexico state court on June 21, 2004 in the Second Judicial District, County of Bernalillo.  (See Ex. A, attached to Answer, filed Apr. 1, 2009 **[Doc. 14]**).[1]  Following a jury trial, Mr. Newsome was convicted of: (1) Second Degree Murder (Firearm Enhancement), a 2d degree felony, (2) Aggravated Assault (Deadly Weapon) (Firearm Enhancement), a 4th degree felony, and (3) Unlawful Carrying of a Deadly Weapon, a petty misdemeanor.  (See id.).  Mr. Newsome was sentenced to serve "a total term of incarceration of sixteen (16) years."  (Id. at 2).  Mr. Newsome was also ordered to complete two (2) years of parole following his release.  (See id.).

    2.  Mr. Newsome, proceeding *pro se*, alleges the following grounds for relief in his federal petition:

---

[1] All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondent's Answer.

   I.  Ineffective Assistance of Counsel (Conflict of Interest);

   II.  Ineffective Assistance of Counsel (at Trial);

   III.  Ineffective Assistance of Counsel (on Appeal);

   IV.  Prosecutorial Misconduct; and

   V.  Denial of a Fair Trial (Judicial Abuse of Discretion).

(See Petition).  Under each category of the above grounds, Petitioner alleges a voluminous number of supporting facts and sub-claims, resulting in a Petition totaling 61 pages in length.

  3.  Respondents apparently concede that the majority of Petitioner's claims are exhausted, but assert that Mr. Newsome failed to exhaust ground I because several sub-claims presented in that ground were not exhausted in the state court proceedings.  Respondents state that Mr. Newsome's unexhausted claims may be asserted in a state habeas corpus petition pursuant to Rule 5-802 NMRA.  (See Answer at 9 ¶ 8).

  4.  Petitioners "must generally exhaust available state court remedies before filing a habeas corpus action in federal court."  Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted); see 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of a petitioner's habeas claims.  See Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).

  5.  "A state prisoner bears the burden of showing he has exhausted available state remedies."  Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995) (citing Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992)).  In this case, the Court agrees with Respondents that

not all of Petitioner's claims have been exhausted.

6. Respondents contend that five of Petitioner's sub-claims contained within Petitioner's ground I, Ineffective of Assistance (Conflict of Interest), are unexhausted. (See Answer at 9). The Court concludes that four of these five allegedly unexhausted claims are either not claims, or simply constitute explanatory material regarding Petitioner's claim of ineffective assistance of counsel. However, one of the claims identified by Respondents does appear to be unexhausted.

7. In ground I, Petitioner alleges that "the trial judge ignored two motions for substitution of counsel." (Petition at doc. 1-1, 5). Petitioner alleges that his efforts to file "the 2d Motion for Substitution of Counsel were rebuffed . . . . [and] [t]he trial judge's staff affirmatively interfered with attempts to file the second motion for substitution of counsel." (Petition at doc. 1-1, 5 (internal quotation marks and citations omitted)).[2] Thus, Petitioner appears to claim that his rights to a fair trial were violated due to judicial misconduct in failing or refusing to file certain motions (this claim hereinafter referred to as "Judicial Misconduct (failure/refusal to file certain motions)").

8. The Court finds that Petitioner's claim of Judicial Misconduct (failure/refusal to file certain motions) is more properly considered as a sub-claim of ground V, Denial of a Fair Trial (Judicial Abuse of Discretion), than as a sub-claim of Ineffective Assistance of Counsel. In any event, Petitioner's claim of judicial misconduct based on the trial court's failure or refusal to file certain motions does not appear to have been exhausted in state court.

9. New Mexico does not impose a statute of limitations on habeas petitioners. Moreover, "if doubts arise in particular cases as to whether the grounds in a subsequent

---

[2]Petitioner further alleges that a pattern exists in the Second Judicial District Court of refusing to file his motions. (See Petition at doc. 1-1, 5).

application are different, they should be resolved in favor of the applicant." State v. Canales, 78 N.M. 429, 431 (1967).  Under circumstances where it is not clear that state review is foreclosed and in the interest of comity, a petitioner's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court.  See e.g., Banks v. Horn,  126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists); Burgin v. Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (explaining that where the availability of state post-conviction remedies is unclear, then exhaustion may be required).

    10. Mr. Newsome's federal petition is considered "mixed" because it contains both exhausted and unexhausted claims.  A petition containing an unexhausted claim is subject to dismissal.  See  Rose v. Lundy, 455 U.S. 509, 520-21 (1982).  When a federal district court is presented with a mixed petition it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002).   In this case, the Court recommends that Mr. Newsome's federal petition be dismissed without prejudice as a mixed petition.

    11.  However, Mr. Newsome has a choice regarding how to proceed.  Mr. Newsome may choose to proceed immediately on the exhausted claims before this Court, or he may choose to wait until he has exhausted all of his claims in state court before proceeding on his federal habeas.  See Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993).  Each of these choices is accompanied by risks and consequences.

    12.  Mr. Newsome may choose to withdraw his unexhausted claim of Judicial Misconduct (failure/refusal to file certain motions) and proceed immediately with his federal petition in this Court solely on his exhausted grounds.  If he chooses this option, Mr. Newsome

4

risks losing the opportunity to present his unexhausted claim in this Court at a later date.  See Tapia v. LeMaster,172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent federal petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing Rose, 455 U.S. 509 (1982)).  Alternatively, Mr. Newsome may choose to pursue his unexhausted claim in state court, thus delaying his federal petition altogether.  If he chooses this option, Mr. Newsome should bear in mind that the one-year statute of limitation still applies to all of the grounds in his petition, including those that have been exhausted, and thus, he risks losing the opportunity to present his grounds at a later date as time-barred.[3]  See Rose, 455 U.S. at 521 (cited in Clark, 13 F.3d at 1409).

      13.  If Mr. Newsome wishes to proceed with his federal petition solely on his exhausted claims, he may notify the Court within the fourteen (14) day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the order of dismissal.  If Mr. Newsome does not explicitly and expressly notify the Court that he wishes to withdraw the unexhausted claim of Judicial Misconduct (failure/refusal to file certain motions) and proceed with his remaining grounds, his federal petition will be dismissed without prejudice.

## Recommendation

The Court respectfully recommends that Mr. Newsome's Petition under 28 U.S.C. § 2254

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year time limitation for filing petitions and mandates that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); see Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998)).

for Writ of Habeas Corpus by a Person in State Custody **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED without prejudice based on non-exhaustion of claims.

  Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

            _/s/ Robert Hayes Scott_____
            ROBERT HAYES SCOTT
            UNITED STATES MAGISTRATE JUDGE