IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

THOMAS RAY NEWSOME, JR.,

    Applicant,

vs.                                                      Civil No. 08-1180 MCA/RHS

T.B. HATCH, et al.,

    Respondents.

## ORDER FOR RESPONSE AND EXPANSION OF THE RECORD

THIS MATTER comes before the Court on consideration of Petitioner's Rule 72 Objections to Document 28 ("Objections"), filed February 3, 2011 **[Doc. 29]**. Among other objections, Mr. Newsome challenges the undersigned's proposed finding that procedural default bars this Court's review of some claims set forth in his federal petition. Having considered the same, the Court directs Respondents to file a response to Mr. Newsome's Objections and submit additional materials to expand the record as set forth more fully below.

On February 29, 2008, the New Mexico state district court filed its "Order Denying Remainder of 'Petition for a Writ of Habeas Corpus'". (Ex. Z, attached to Answer, filed Apr. 1, 2009 **[Doc. 14]**[1]). Mr. Newsome had thirty (30) days from that date in which to file a petition for writ of certiorari with the New Mexico Supreme Court ("NMSC").[2] In his Objections, Mr.

---

[1]All exhibits referenced in this order are attached to the Answer.

[2]"Petitions for writs of certiorari shall be filed with the [New Mexico] Supreme Court clerk within thirty (30) days of entry of the district court's order denying the petition [for a writ of habeas corpus]." NMRA 12-501(B).

Newsome points to evidence that his "Petition for Certiorari was timely mailed to the Clerk of the New Mexico Supreme Court (Kathleen Jo Gibson) . . . on 21 March 2008[]," approximately ten (10) days prior to the deadline for filing his petition for writ of certiorari.  (Objections at 8, 9-10).  However, the Petition for Certiorari was not "officially filed" until May 9, 2008.  (See Petition for Writ of Certiorari to the Second Judicial District Court of New Mexico,[3] Ex. AA).  Mr. Newsome apparently alleges that his Petition for Certiorari arrived at the NMSC before the deadline expired, but that someone or something "in the Clerk's Office of the New Mexico Supreme Court 'interfered' with filing the Petition."  (Objections at 11 (emphasis in original)).

In New Mexico, "a document is deemed filed when it is *delivered* to the court clerk to be kept on file."  Ennis v. Kmart Corp., 131 N.M. 32, 36, 33 P.3d 32, 36 (Ct.App.), cert. denied, 130 N.M. 722 (2001) (emphasis added) (citing Town of Hurley v. N.M. Mun. Boundary Comm'n, 94 N.M. 606, 608, 614 P.2d 18, 20 (1980) (filing a paper "is to place it in the official custody of the clerk").  It is not necessary for the clerk to *endorse* a pleading upon its receipt in order to effect the filing.  See Town of Hurley, 24 N.M. at 608, 614 P.2d at 20.  Thus, if the NMSC clerk *received* Mr. Newsome's Petition for Certiorari within 30 days of the state district court's order denying his state habeas petition, it was timely filed, even if the document was not "endorsed" or "officially filed" until *after* the deadline expired.

Assuming *arguendo*, that Mr. Newsome's Petition for Certiorari was received at the NMSC before the deadline expired, it is possible that the document was not immediately endorsed or officially filed until after the deadline expired.  See, e.g., Committee commentary

---

[3]The Court's copy of the Petition for Certiorari contains only a barely legible handwritten "endorsement": "Filed - 5/9/08."  (Ex. AA).  The "endorsement" bears no signature, initials or stamp.

for 2009 amendments to NMRA 5-802 (noting that in many districts, petitions for habeas are not "actually file-stamped on the date of receipt by the clerk"). However, based on the record before it, this Court cannot ascertain whether Mr. Newsome's Petition for Certiorari was both received *and* endorsed on May 9, 2008, or whether the Petition for Certiorari was received *before* May 9, 2008 and *later* endorsed on May 9, 2008.

Thus, the Court will require Respondents to respond to Petitioner's Objections and to submit additional materials, if available, showing when the NMSC actually *received* Mr. Newsome's Petition for Certiorari, and/or how the NMSC processed such petitions in 2008.[4] For example, at that time, the NMSC may have required that the envelope or accompanying cover letter be stamped with the date of *receipt* before processing a Petition for Certiorari which is then *endorsed* at a later time. Or, the NMSC may have required that a Petition for Certiorari be immediately endorsed on the same date that the petition is received. Respondents may submit any relevant letters, documents, affidavits (e.g., from the clerk of the NMSC) or other exhibits[5] that will assist the Court in determining when Mr. Newsome's Petition for Certiorari was actually received (and, thus, filed) by the clerk of the NMSC. In addition to providing the Court with the information and materials requested above, Respondents may respond to any of the arguments or issues raised in the Objections.

---

[4] Pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 7"), "the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a).

[5] Petitioner will be offered the opportunity to admit or deny the correctness of any additional materials submitted by Respondents. See Rule 7(c).

**IT IS THEREFORE ORDERED** that Respondents shall file a response to the Objections and expand the record as directed on or before **Friday**, **March 18, 2011**.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE